# United States Bankruptcy Court
### Northern District of Illinois
### Eastern Division

# VOLUNTARY PETITION

| | |
|---|---|
| IN RE: (Name of debtor - If individual, enter: Last, First, Middle)<br>**Kuffel, Donald** | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle)<br>**Kuffel, Karen** |
| ALL OTHER NAMES used by debtor in the last 6 years (inc. married, maiden, and trade names) | ALL OTHER NAMES used by joint debtor in the last 6 years (inc. married, maiden, and trade names) |
| SOC. SEC./TAX I.D. NO. (If more than one, state all)<br>**XXX-XX-9796** | SOC. SEC./TAX I.D. NO. (If more than one, state all)<br>**XXX-XX-4987** |
| STREET ADDRESS OF DEBTOR (No. and street, city, state and zip code)<br>**1418 W. Erie**<br>**Chicago, Illinois 60622** | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state and zip code)<br>**1418 W. Erie**<br>**Chicago, Illinois 60622** |
| COUNTY OF RESIDENCE/BUSINESS: **Cook** | COUNTY OF RESIDENCE/BUSINESS: **Cook** |
| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If other than street address) | VENUE (Check one box)<br>[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br>[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

**TYPE OF DEBTOR** (Check one box)
[ ] Individual
[X] Joint (Husband & Wife)
[ ] Partnership
[ ] Other _____
[ ] Corporation Publicly Held
[ ] Corporation Not Publicly Held
[ ] Municipality

**NATURE OF DEBT** (Check one box)
[X] Non-Business/Consumer    [ ] Business - Complete A&B below

**A. TYPE OF BUSINESS** (Check one box)
[ ] Farming
[ ] Professional
[ ] Retail/Wholesale
[ ] Railroad
[ ] Transportation
[ ] Manufacturing/Mining
[ ] Stockbroker
[ ] Commodity Broker
[ ] Construction
[ ] Real Estate
[ ] Other Business

**B. BRIEFLY DESCRIBE NATURE OF BUSINESS**

**CHAPTER OR SECTION OF BANKRUPTCY CODE FOR PETITION** (Check one box)
[ ] Chapter 7    [ ] Chapter 11    [X] Chapter 13
[ ] Chapter 9    [ ] Chapter 12    [ ] Sec. 304

**SMALL BUSINESS** (Chapter 11 only)
[ ] Debtor is a small business as defined in 11 U.S.C. § 101.
[ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e). (opt'l)

**FILING FEE** (Check one box)
[X] Filing fee attached
[ ] Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b): see Official Form No. 3

**NAME AND ADDRESS OF LAW FIRM OR ATTORNEY**
**Law Offices of Martin Y. Joseph**
**1541 W. Chicago Avenue**
**Chicago, Illinois 60622**

**Telephone No:** (312)243-0050
NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR
**Martin Y. Joseph 01369563**

STATISTICAL/ADMINISTRATIVE INFORMATION (28 U.S.C. § 604)
(Estimates only) (Check applicable boxes)

[ ] Debtor is not represented by an attorney. Telephone No. of Debtor not represented by an attorney:

[X] Debtor estimates that funds will be available for distribution to unsecured creditors.
[ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**ESTIMATED NUMBER OF CREDITORS**

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

**ESTIMATED ASSETS** (in thousands of dollars)

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9999 | 10,000-99,000 |
|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

**ESTIMATED LIABILITIES** (in thousands of dollars)

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9999 | 10,000-99,000 |
|---|---|---|---|---|---|
| 0 | [ ] | [ ] | [ ] | [ ] | [ ] |

**EST. NO. OF EMPLOYEES - CH. 11 & 12 ONLY**

| 0 | 1-19 | 20-99 | 100-999 | 1000-over |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] |

**EST. NO. OF EQUITY SECURITY HOLDERS - CH. 11 & 12 ONLY**

| 0 | 1-19 | 20-99 | 100-999 | 1000-over |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] |

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 01/09/2004
Time: 14:57:44
Debtor: DONALD KUFFEL
Case: 04-00983    Fee : 194
Chapter: 13 Rec. # : 3055404
Judge: John Squires
341 mtg: 02/05/2004 @ 02:30PM
ConfHrg: 02/25/2004 @ 10:30AM
Trustee: MARILYN MARSHALL

1:04BK00983-BK001

FORM 1.; VOLUNTARY PETITION – Page 2

Name of Debtor(s):   Donald` Kuffel
Karen Kuffel

Case Number:

## FILING OF PLAN

For Chapter 9, 11, 12 and 13 cases only.  Check appropriate box.

[X] A copy of debtor's proposed plan dated **January 7, 2004** is attached.

[ ] Debtor intends to file a plan within the time allowed by statute, rule, or order of the court.

## PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one, attach additional sheet)

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| **Northern District of Illinois** | 01 B 00254 | **January 4, 2001** |

## PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR (If more than one, attach additional sheet)

| Name of Debtor | Case Number | Date |
|---|---|---|
| NONE | | |

| Relationship | District | Judge |
|---|---|---|
| | | |

## REQUEST FOR RELIEF

Debtor is eligible for and requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

## SIGNATURES

**ATTORNEY**   *Martin J. Joseph*   Date 1/7/04

### INDIVIDUAL/JOINT DEBTOR(S)

I declare under penalty of perjury that the information provided in this petition is true and correct.

x *Donald Kuffel*
Donald Kuffel
Date 1/7/04

x *Karen M. Kuffel*
Karen Kuffel
Date 1/7/04

### CORPORATE OR PARTNERSHIP DEBTOR

I declare under penalty of perjury that the information provided in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor.

x **Not Applicable**
Signature of Authorized Individual

**Not Applicable**
Print or Type Name of Authorized Individual

**Not Applicable**
Title of Individual Authorized by Debtor to File this Petition

Date

If the debtor is a corporation filing under chapter 11, Exhibit "A" is attached and made part of this petition.

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)

I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title.

If I am represented by an attorney, Exhibit "B" has been completed.

x **Not Applicable**
Signature of Debtor
Date

x **Not Applicable**
Signature of Joint Debtor
Date

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed or Typed Name of Bankruptcy Petition Preparer

**Not Applicable**
Social Security Number

Address

Telephone

Name and Social Security number of all other Individuals who prepared or assisted in preparing this document:
**Not Applicable**

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

x **Not Applicable**
Signature of Bankruptcy Petition Preparer

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

### EXHIBIT "B"

(To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under such chapter.

x **Not Applicable**
Signature of Attorney
Date

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois
### Eastern Division

In re:  Donald` Kuffel                    Karen Kuffel                    Case No. _____
        XXX-XX-9796                       XXX-XX-4987
                                                                          Chapter 13

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $       0.00 | | |
| B - Personal Property | YES | 2 | $   8,250.00 | | |
| C - Property Claimed As Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $       0.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 1 | | $       0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $  28,688.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $   1,647.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $   1,527.00 |
| Total Number of sheets in ALL Schedules >> | | 12 | | | |
| Total Assets >> | | | $   8,250.00 | | |
| Total Liabilities >> | | | | $  28,688.00 | |

In re: Donald` Kuffel        Karen Kuffel          Case No. _____
XXX–XX–9796                  XXX–XX–4987

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | 0.00 | 0.00 |
| | | TOTAL | 0.00 | |

Schedule A - Page 1

In re: Donald Kuffel       Karen Kuffel       Case No. _____
XXX-XX-9796       XXX-XX-4987

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | **Cash** | | 50.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | **NONE** | | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | **NONE** | | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | **Furniture, T.V. Set, Stereo** | | 300.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | **NONE** | | 0.00 |
| 6. Wearing apparel. | **Necessary Wearing Apparel** | | 200.00 |
| 7. Furs and jewelry. | **NONE** | | 0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | **NONE** | | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | **NONE** | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | **NONE** | | 0.00 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | **NONE** | | 0.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | **NONE** | | 0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | **NONE** | | 0.00 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | **NONE** | | 0.00 |
| 15. Accounts Receivable. | **NONE** | | 0.00 |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. Give particulars. | **NONE** | | 0.00 |
| 17. Other liquidated debts owing debtor including tax refunds. Give details. | **NONE** | | 0.00 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in the Schedule of Real Property. | **NONE** | | 0.00 |
| 19. Contingent and non-contingent interest in estate of a decedent, death benefit plan, life insurance policy, or trust. | **NONE** | | 0.00 |

In re: Donald Kuffel      Karen Kuffel      Case No. _____
XXX-XX-9796      XXX-XX-4987

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 20. Other contingent and unliquidated claims of any nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | NONE | | 0.00 |
| 21. Patents, copyrights, and other intellectual property. Give estimated value of each. | NONE | | 0.00 |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | NONE | | 0.00 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | 1998 Ford Explorer | | 7,700.00 |
| 24. Boats, motors, and accessories. | NONE | | 0.00 |
| 25. Aircraft and accessories. | NONE | | 0.00 |
| 26. Office equipment, furnishings, and supplies. | NONE | | 0.00 |
| 27. Machinery, fixtures, equipment, and supplies. | NONE | | 0.00 |
| 28. Inventory. | NONE | | 0.00 |
| 29. Animals. | NONE | | 0.00 |
| 30. Crops - growing or harvested. Give particulars. | NONE | | 0.00 |
| 31. Farming equipment and implements. | NONE | | 0.00 |
| 32. Farm supplies, chemicals, and feed. | NONE | | 0.00 |
| 33. Other personal property of any kind not already listed. Itemize. | NONE | | 0.00 |

TOTAL ▸      8,250.00

In re: Donald Kuffel
XXX-XX-9796

Karen Kuffel
XXX-XX-4987

Case No. _____

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

[ ]   11 U.S.C. § 522(b)(1)   Exemptions provided in 11 U.S.C. § 522(d).  Note:  These exemptions are available only in certain states.

[X]   11 U.S.C. § 522(b)(2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| 1998 Ford Explorer | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(c) | 2,000.00<br>1,200.00 | 7,700.00 |
| Cash | 735 ILCS 5/12-1001(b) | 50.00 | 50.00 |
| Furniture, T.V. Set, Stereo | 735 ILCS 5/12-1001(b) | 300.00 | 300.00 |
| Necessary Wearing Apparel | 735 ILCS 5/12-1001(a),(e) | ALL | 200.00 |

In re: Donald Kuffel                    Karen Kuffel                    Case No. _____
XXX-XX-9796                             XXX-XX-4987

# Schedule D - Creditors Holding Secured Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | CLAIM DATE, NATURE OF LIEN, DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|
| ACCT. NO.<br>**NONE** | NO | | | | 0.00 | 0.00 |
| | | | VALUE $ | 0.00 | | |
| | | | Subtotal<br>(Total of this page) | | 0.00 | |
| | | | TOTAL | | 0.00 | |

In re:  Donald Kuffel          Karen Kuffel          Case No. _____
        XXX-XX-9796            XXX-XX-4987

# Schedule E - Creditors Holding Unsecured Priority Claims

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

# Types of Priority Claims

[ ]  **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(2).

[ ]  **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4000* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

[ ]  **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]  **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $4000* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

[ ]  **Deposits by individuals**

   Claims of individuals up to $1800* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

[ ]  **Alimony, Maintenance, or Support**

   Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

[ ]  **Taxes and Other Certain Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ]  **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

[ ]  **Other Priority Debts**

Schedule E - Page 1 of 1

In re: Donald Kuffel          Karen Kuffel              Case No. _____
        XXX-XX-9796            XXX-XX-4987

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO. 555-051-026-1<br>Amoco Oil Company<br>Des Moines, IA. 50360-6600 | NO | | Credit Card Purchases | | 801.00 |
| ACCT. NO.<br>Aspire Visa<br>P.O. Box # 105555<br>Atlanta, GA. 30321-5555 | NO | | Credit Card Purchases | | 2,547.00 |
| ACCT. NO.<br>Associates Credit Card Services<br>C/o American REcovery Systems Inc.<br>1699 Wall Street<br>Mount Prospect, IL. 60056-5788 | NO | | | | 1,437.00 |
| ACCT. NO.<br>Capital One Bank<br>P.O. Box # 85064<br>Glen Allen, VA. 23058<br><br>TSYS Total Debt Management Inc.<br>P.O. Box # 6700<br>Norcross, GA. 30091-6700 | NO | | Credit Card Purchases<br>3 credit cards | | 3,000.00 |
| ACCT. NO.<br>Dell Preferred Account<br>Payment Processing Center<br>P.O. Box # 6403<br>Carol Stream, IL. 60197 | NO | | | | 122.00 |
| ACCT. NO. 4610078483054011<br>First Premier Bank<br>C/o Encore Receivable Management<br>P.O. Box # 3330<br>Olathe, KS. 66063 | NO | W | Credit Card Purchases | | 511.00 |
| ACCT. NO. 5408-0100-0252-7840<br>Household Bank Gold Mastercard<br>P.O. Box # 81622<br>Salinas, CA. 93912-1622 | NO | J | 2 credit cards | | 5,650.00 |

Subtotal          14,068.00
(Total of this page)

In re: Donald Kuffel
XXX-XX-9796

Karen Kuffel
XXX-XX-4987

Case No. _____

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO. 910-084-037 **NO** Shell Oil Company P.O. Box # 790070 Houston, TX. 77279-0070 | | | Credit Card Purchases | | 330.00 |
| ACCT. NO. **NO** Triad Financial Corporation P.O. Box # 3299 Huntington Beach, CA. 92605-3299 | | | Credit Card Purchases | | 10,990.00 |
| ACCT. NO. **NO** **W** Verizon Wireless Chicago C/o Michael P. Margelefsky LLC 709 Madison Avenue Suite 302 Toledo, OH. 43624-1624 | | | Telephone Services | | 0.00 |
| ACCT. NO. **NO** Washington Mutual Finance LLC. 8605 W. 95th Street Hickory Hills, IL. 60457 | | | | | 3,300.00 |
| | | | | Subtotal (Total of this page) | 14,620.00 |
| | | | | TOTAL | 28,688.00 |

Schedule F - Page 2 of 2

In re:  Donald Kuffel          Karen Kuffel          Case No. _____
        XXX-XX-9796            XXX-XX-4987

# Schedule G - Executory Contracts and Unexpired Leases

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| **NONE** | |

In re: Donald` Kuffel          Karen Kuffel                    Case No. _____
XXX-XX-9796          XXX-XX-4987

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| NONE | |

In re: Donald` Kuffel                    Karen Kuffel                    Case No. _____
XXX–XX–9796                              XXX–XX–4987

# Schedule I - Current Income Of Individual Debtor(s)

| Debtor's Marital Status: **married** | DEPENDENTS OF DEBTOR AND SPOUSE | | | | |
|---|---|---|---|---|---|
| Debtor's Age:  49<br>Spouse's Age:  49 | NAMES<br>**NONE** | | | AGE | RELATIONSHIP |
| EMPLOYMENT: | DEBTOR | | | SPOUSE | |
| Occupation | **Physical Services** | | | **Crossing Guard** | |
| How long employed | **1 Year** | | | **Medical Leave** | |
| Name and Address of Employer | **Illinois Secretary of State**<br>**5401 W. Lexington**<br>**Chicago, Illinois 60644** | | | | |

Income:  (Estimate of average monthly income)

| | DEBTOR | | SPOUSE | |
|---|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | 2,000.00 | $ | 0.00 |
| Estimated monthly overtime | $ | 0.00 | $ | 0.00 |
| SUBTOTAL | $ | 2,000.00 | $ | 0.00 |
| LESS PAYROLL DEDUCTIONS | | | | |
| a.) Payroll taxes and social security | $ | 353.00 | $ | 0.00 |
| b.) Insurance | $ | 0.00 | $ | 0.00 |
| c.) Union dues | $ | 0.00 | $ | 0.00 |
| d.) Other | | | | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 353.00 | $ | 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | 1,647.00 | $ | 0.00 |
| Regular income from operation of business, profession or farm (attach detailed statement) | $ | 0.00 | $ | 0.00 |
| Income from real property | $ | 0.00 | $ | 0.00 |
| Interest and dividends | $ | 0.00 | $ | 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ | 0.00 |
| Social security or other government assistance (Specify) | $ | 0.00 | $ | 0.00 |
| Pension or retirement income | $ | 0.00 | $ | 0.00 |
| Other monthly income (Specify) | $ | 0.00 | $ | 0.00 |
| TOTAL MONTHLY INCOME | $ | 1,647.00 | $ | 0.00 |

TOTAL COMBINED MONTHLY INCOME      $      1,647.00

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

   NONE

In re: Donald Kuffel
XXX-XX-9796

Karen Kuffel
XXX-XX-4987

Case No. _____

# Schedule J - Current Expenditures Of Individual Debtor(s)

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate
household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| Rent or home mortgage payment (Include lot rented for mobile home) | $ | 850.00 |
|     Are real estate taxes included?   [ ] Yes  [x] No | | |
|     Is property insurance included?   [ ] Yes  [x] No | | |
| Utilities:  Electricity and heating fuel | $ | 70.00 |
|     Water and sewer | $ | 0.00 |
|     Telephone | $ | 32.00 |
|     Other: | $ | 0.00 |
| Home Maintenance (Repairs and upkeep) | $ | 0.00 |
| Food | $ | 225.00 |
| Clothing | $ | 65.00 |
| Laundry and dry cleaning | $ | 40.00 |
| Medical and dental expenses | $ | 25.00 |
| Transportation (not including car payments) | $ | 100.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 20.00 |
| Charitable contributions | $ | 25.00 |
| Insurance (not deducted from wages or included in home mortgage payments): | | |
|     Homeowner's or renter's | $ | 0.00 |
|     Life | $ | 0.00 |
|     Health | $ | 0.00 |
|     Auto | $ | 75.00 |
|     Other: | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
|  (Specify) | $ | 0.00 |
| Installment payments (In chapter 12 & 13 cases, do not list payments to be included in the plan) | | |
|     Auto | $ | 0.00 |
|     Other: | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach stmt) | $ | 0.00 |
| Other: | $ | 0.00 |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | **$** | **1,527.00** |

(FOR CHAPTER 12 and 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly,
monthly, annually, or at some other regular interval.

| | | |
|---|---|---:|
| A.  Total projected monthly income | $ | 1,647.00 |
| B.  Total projected monthly expenses | $ | 1,527.00 |
| C.  Excess income (A minus B) | $ | 120.00 |
| D.  Total amount to be paid into plan     **Monthly** | $ | 120.00 |

In re:  Donald` Kuffel              Karen Kuffel              Case No. _____
        XXX-XX-9796                 XXX-XX-4987

# Declaration Concerning Debtor's Schedules

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   12 sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date  1/7/04                        Signature _Donald Kuffel_____
                                              Donald Kuffel

Date _____                  Signature _Karen M. Kuffel_____
                                              Karen Kuffel

---

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security No.

_____

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:   **Not Applicable.**

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X **Not Applicable**
Signature of Bankruptcy Petition Preparer          Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.11 U.S.C. § 110; 18 U.S.C. § 156.

---

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

### (NOT APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C § 152 and 3571.

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

### Eastern Division

In re:   Donald` Kuffel                Karen Kuffel                    Case No. _____
         XXX-XX-9796                   XXX-XX-4987                     Chapter 13

# STATEMENT OF FINANCIAL AFFAIRS

None
[ ]

## 1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 320,000.00 | Wages | 2001 |
| 9,000.00 | Wages | 2002 |
| 32,000.00 | Wages | 2003 |

None
[X]

## 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

## 3. Payments to creditors

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None
[X]

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
[X]

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None
[ ]

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Triad Financial Corporation<br>P.O. Box # 3299<br>Huntington Beach, CA. 92605-3299 | April 2003 | 2000 Pontiac Sunbird $3000.00 |

## 6. Assignments and receiverships

None
[X]

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None
[X]

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None
[X]

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None
[ ]

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Martin Y. Joseph<br>1541 W. Chicago Avenue<br>Chicago, Illinois 60622 | | $616.00 + $194.00 court costs |

## 10. Other transfers

None
[X]

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 11. Closed financial accounts

None
[X]

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

## 12.  Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

## 13.  Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

## 14.  Property held for another person

List all property owned by another person that the debtor holds or controls.

None
[X]

## 15.  Prior address of debtor

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  11/7/04            Signature  _David Kuffel_
                                    Donald  Kuffel

Date  1/7/04             Signature  _Karen M. Kuffel_
                                    Karen  Kuffel

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois
### Eastern Division

In re:  Donald` Kuffel          Karen Kuffel          Case No.
        XXX-XX-9796             XXX-XX-4987
                                                      Chapter 13

# STATEMENT OF ATTORNEY FOR PETITIONER
# PURSUANT TO BANKRUPTCY RULE 2016(b)

The undersigned, pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), states that:

1)  The undersigned is the attorney for the debtor(s) in this case.

2)  The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

   a)   for legal services rendered or to be rendered in contemplation of and in connection with this case      $      1,500.00

   b)   prior to filing this statement, debtor(s) have paid                                                     $        616.00

   c)   the unpaid balance due and payable is                                                                   $        884.00

3)  $        194.00 of the filing fee in this case has been paid.

4)  The services rendered or to be rendered include the following:

   a)   Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11, United States Code.

   b)   Preparation and filing of the petition, schedules of assets and liabilities, statement of affairs, and other documents required by the court.

   c)   Representation of the debtor(s) at the first meeting of creditors.

5)  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and *

   NONE

6)  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and

   NONE

7)  The undersigned have not shared or agreed to share, with any other person, other than with members of their law firm or corporation, any compensation paid or to be paid except as follows:

   NONE

Dated:  1/7/04

Martin Y. Joseph, Bar no: 01369563
Attorney for Debtor(s)

* If a fee is paid by transfer of property or if security is taken, give details here and in appropriate section of Schedules or Statement of Affairs.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Model Retention Agreement)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation.  It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy.  In this connection, the advice of an attorney is often crucial.  Debtors are entitled to expect certain services to be performed by their attorneys, but again, debtors have responsibilities to their attorneys also.  In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

## *BEFORE THE CASE IS FILED*

### THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

### THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### AFTER THE CASE IS FILED

#### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

#### THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case before the bankruptcy court.

## ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES  *[Check one option.]*

☒ Option A: flat fee through confirmation ·

☐ Option B: flat fee through case closing

1a. *Pre-confirmation services.* Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case, unless otherwise ordered by the court. For all of the services outlined above, required to be provided before confirmation of a plan, the attorney will be paid a fee of $ 1600.00 . In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for pre-confirmation services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

1b. *Post-confirmation services.* Compensation for services required after confirmation will be in such amounts as are allowed by the court, on application accompanied by an itemization of the services rendered, showing the date, time, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified that the debtor may appear in court to object.

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of $ _____ . In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

2. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

3. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

4

4. *Improper conduct by the debtor*. If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

5. *Discharge of the attorney*. The debtor may discharge the attorney at any time.

Date:

_1/7/04._

Signed:

_____

_____

Debtor(s)

_____

**Attorney for Debtor(s)**

5